IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**VERA S. CHARLOT**                                                                                             **PLAINTIFF**

v.                                                                                   Civil No. 1:14-cv-119-LG-JCG

**UNITED STATES OF AMERICA**                                                              **DEFENDANT**

### ORDER DENYING PLAINTIFF'S MOTION [13] TO WAIVE SERVICE OF SUMMONS, DENYING PLAINTIFF'S MOTION [14] TO COMPEL, AND GRANTING PLAINTIFF AN EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS

BEFORE THE COURT is *pro se* Plaintiff Vera S. Charlot's Motion [13] to Waive Service of Summons and Motion [14] to Compel.  The United States has filed Responses [15, 16, 17] to the Motions.  The Court finds that Charlot's Motions should be denied but finds that Charlot should be given more time to effect service of process upon the United States.  On or before **October 15, 2014**, Charlot is ordered to provide completed summons forms to the Clerk of Court for each person or entity who must be served in order to effect service of process upon the United States as required by Federal Rule of Civil Procedure 4(i)(1).  The Clerk of Court will then issue and deliver the summonses with copies of the Complaint to the United States Marshals Service, who will in turn, serve process on behalf of Charlot, who is proceeding *in forma pauperis*.

I. BACKGROUND

On March 10, 2014, Charlot filed her Complaint against the United States, alleging that in 2012, she injured two of her right toes when she hit her foot on a protruding metal bed frame while staying at a temporary lodging facility on Keesler Air Force Base in Biloxi, Mississippi.  Pl.'s Compl. [1] 1.  Charlot purports to

advance a claim against the United States pursuant to the Federal Torts Claim Act, 28 U.S.C. § 1346(b), 2674.  On March 27, 2014, Charlot was granted leave to proceed *in forma pauperis*. Order [4].

On August 1, 2014, the United States filed a Motion [9] to Dismiss Charlot's suit on the basis that Charlot has failed to serve the United States in the manner required by Federal Rules of Procedure 4(c)(2) and 4(i)(1), and the time for doing so has passed.  In April 2014, Charlot attempted to serve the United States by mailing a Summons and copy of the Complaint by certified mail to "United States of America, HQ AFLOA/JACC, 1500 West Perimeter Road, Suite 1700, Joint Base Andrews, MD 20762."  Summons [6].  This is apparently an address for an Air Force legal operations agency, and the certified letter was signed for on May 9, 2014, by a Technical Sergeant.

In response to the United States' Motion [9] to Dismiss, Charlot filed a Motion [13] to Waive Service of Summons and a Motion [14] to Compel.  Charlot seeks an order compelling the United States to disclose that it has received a copy of the Summons and Complaint and waiving the requirement for service of process, in light of the United States' actual notice.  Charlot also urges that she "was under the influence of . . . medication . . . and experiencing debilitating pain and side effects from the medication . . . which undoubtedly impacted [her] ability to fully comprehend the provisions of the Federal Rules of Civil Procedure Rule 4."  Mot. [13] 2.  Charlot submits that she has shown good cause for the delay in serving the United States, and if the Court requires her to properly serve the United States,

Charlot requests that she be given additional time to do so.  She also requests that service be made on her behalf by the United States Marshals Service due to her status as a pauper.

## II.  DISCUSSION

Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

To serve the United States, a party must:

(A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office.

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

Charlot admits that she has not served the United States in accordance with Federal Rule of Civil Procedure 4(i)(l). Regardless of whether the United States has actual notice of the contents of the Complaint, "[t]he defendant's actual notice of the litigation . . . is not sufficient to satisfy Rule 4's requirements." *Way v. Mueller Brass Co.,* 840 F.2d 303, 306 (5th Cir. 1988); *Howard v. Shelton,* 277 F.R.D. 168, 170 (S.D. Miss. Aug. 30, 2011)("mere notice will not suffice to save an otherwise flawed service."). For this reason, Charlot's Motion [13] to Waive Service of Summons and Motion [14] to Compel should be denied.

Charlot has had over six and a half months to properly serve the United States, and her failure to do so has unnecessarily delayed this case. Even where good cause is lacking, the Court has discretionary power to extend time for service. *Millan v. USAA Gen. Indemn. Co.,* 546 F.3d 321, 325 (5th Cir. 2008). Mindful that Charlot is proceeding pro se and that she has made efforts to serve the United States within the 120-day period for service of process, the Court, in its discretion, will grant Charlot an extension of time to effect service of process upon the United States as required by Federal Rule of Civil Procedure 4(i)(l). *Howard,* 277 F.R.D. at 172.

On or before **October 15, 2014**, Charlot is ordered to provide completed summons forms to the Clerk of Court, setting forth correct information, including service addresses, for all who must be served in order to effect service of process on the United States in accordance with Federal Rule of Civil Procedure 4(i)(1). Upon receipt of completed summons forms from Charlot, the Clerk of Court shall issue

and deliver the summonses with corresponding copies of the Complaint to the United States Marshals Service, who in turn will serve process on behalf of Charlot. Because Charlot is proceeding *in forma pauperis* and requests that service be made through the United States Marshals Service, "the court must" grant her request. Fed. R. Civ. P. 4(c)(3); *see* 28 U.S.C. § 1915(c).

It is Charlot's responsibility to prosecute this case. Charlot is cautioned that failure to comply with this Order within the prescribed period may result in immediate dismissal of this case without prejudice without further notice to her. Failure of Charlot to keep the Court apprised of her current address may also result in dismissal of this case. Charlot should understand that this Order allowing process to issue does not reflect any opinion of this Court that the claims contained in the Complaint will or will not be determined to be meritorious.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that *pro se* Plaintiff Vera S. Charlot's Motion [13] to Waive Service of Summons is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Charlot's Motion [14] to Compel is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that on or before **October 15, 2014**, Charlot is ordered to complete and provide summons forms to the Clerk of Court for each person or entity who must be served in order to effect service of process upon the United States as required by Federal Rule of Civil Procedure 4(i)(1). Charlot is responsible for providing correct information on the

summons forms, including service addresses.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that upon receipt of completed summons forms from Charlot, the Clerk of Court shall issue and deliver the summonses, along with corresponding copies of the Complaint, to the United States Marshals Service.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the United States Marshals Service is ordered to serve process on behalf of Charlot, who is proceeding *in forma pauperis*.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Clerk of Court is directed to mail a copy of this Order along with three blank summons forms to Charlot at her last known address, via the United States Postal Service, certified mail, return receipt requested.

**SO ORDERED AND ADJUDGED**, this the 29th day of September, 2014.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE