IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

VERA S. CHARLOT                                                    PLAINTIFF

v.                                              CAUSE NO. 1:14CV119-LG-JCG

THE UNITED STATES OF AMERICA                          DEFENDANT

MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the [44] Motion for Summary Judgment filed by

the United States of America.  Plaintiff Vera S. Charlot, who is proceeding pro se,

did not file a response.  After due consideration of the Motion and the relevant law,

it is the Court's opinion that there are no genuine issues of material fact for the jury

in this premises liability case brought pursuant to the Federal Tort Claims Act.

Accordingly, the Motion will be granted and Charlot's claims against the United

States dismissed.

BACKGROUND

Charlot and her family were guests of the Keesler Air Force Base Temporary

Lodging Facility (the Inns at Keesler) in Biloxi, Mississippi, over the week of

Christmas 2011.  She complains that she injured two toes when she hit her foot on a

protruding metal bed frame that was hidden by the bed skirt.  (Compl. 1, ECF No.

1).  She contends her injury was caused by improper installation of the bed frame by

the Inns at Keesler.  Charlot filed a claim with the United States Air Force, which

was denied.  (*Id*. at 2, 4).  She obtained medical treatment from the VA hospital in

Columbia, South Carolina, and ultimately had a toe joint surgically removed.  (*Id.* at 4-6).  She seeks "actual and compensatory damages" from the United States.  (*Id.* at 6).

The United States moves for summary judgment, arguing that Charlot fails to establish a premises liability claim because she cannot show that the Inns at Keesler was negligent, that a dangerous condition existed, or that the Inns of Keesler had knowledge of a dangerous condition.

DISCUSSION

1.  The Legal Standard

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial.  Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Charlot has not submitted any argument or evidence in opposition to the United States' Motion.  Nevertheless, the United States has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the Motion, regardless of whether any response was filed.  *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

2.  Mississippi Premises Liability Law

Under the Federal Tort Claims Act, the United States is liable to a complainant to the same extent as a private person would be under applicable state law.  28 U.S.C. §2674.  Mississippi law therefore controls the determination of the relationship between Charlot and the United States, and the duties owed to Charlot by the United States.  There is no question that Mississippi law classifies Charlot as a business invitee on the premises of the Inns of Keesler at the time of her injury.  *Little by Little v. Bell*, 719 So. 2d 757, 760 (Miss. 1998) ("An invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage.").

> The duty owed by a premises owner to a business invitee is the "duty to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition."  However, "the owner/occupier is not an insurer of the invitee's safety, and he is not liable for injuries which are not dangerous or which are, or should be known to the business invitee."

*McSwain v. Sys. Energy Res., Inc.*, 97 So. 3d 102, 107 (Miss. Ct. App. 2012) (quoting *Jones v. James Reeves Contractors, Inc.*, 701 So. 2d 774, 782 (Miss. 1997)).  Mere proof of an injury by a business invitee "is not the basis for premises liability, rather negligence of the business owner must be shown."  *Almond v. Flying J Gas Co.*, 957 So. 2d 437, 439 (Miss. Ct. App. 2007) (citation omitted).  To succeed on a premises-liability claim, the plaintiff must show: (1) a negligent act by the defendant caused the plaintiff's injury; or, (2) the defendant had actual knowledge of a dangerous condition, but failed to warn the plaintiff of the danger; or, (3) the

dangerous condition remained long enough to impute constructive knowledge to the defendant. *Garson v. Circus Circus Miss., Inc.*, 135 So. 3d 932, 934 (Miss. Ct. App. 2014) (Citations and quotation marks omitted).

Charlot alleges that the Inns at Keesler caused a dangerous condition by installing the bed frame in such a way that it protruded from the mattress, although it was hidden from view by the bedskirt. Charlot's allegations that the Inns at Keesler improperly installed the bed frame are inadequate evidence of negligence. As the United States notes, Charlot's family of five stayed in the room for a week before Charlot injured herself. It is just as likely that the bed frame's position was the result of the actions of the room's occupants as the actions of the Inns at Keesler. There is simply no evidence in the record about how the bed frame came to be in the position Charlot alleges.

Secondly, there is no evidence that the bed frame was a dangerous condition. A bed frame is an ordinary item in a hotel room. Even if it was "sticking out" farther from the mattress than Charlot believes it should have, she does not show how that created a dangerous condition. (Def. Mot. Ex. 1, at 14-15, ECF No. 44-1). The fact that Charlot injured herself, standing on its own, does not prove that the bed frame was a dangerous condition. Even if the bed frame was a dangerous condition, there is no evidence that the Inns at Keesler had actual knowledge of it. Housekeeping personnel did not report any problems with the bed frame prior to Charlot's check-in date. (Def. Mot. Ex. 3, at 2 (¶6), ECF No. 44-3).

Third, there is no evidence of how long the alleged condition existed so as to

impute constructive knowledge to the Inns at Keesler.  Charlot herself did not notice the bed frame until her injury, and she did not allow housekeeping into her room during her stay over the week of Christmas.  (Def. Mot. Ex. 1, at 12, 15, ECF No. 44-1).  The General Manager testified that the Inns at Keesler has never had any other guest complain of an injury due to a protruding bed frame, either before or since the claim by Charlot.  (Def. Mot. Ex. 3, at 2 (¶7), ECF No. 44-3).  On this record, the Inns at Keesler could not have been on notice of any existing or potential dangerous condition.

For these reasons, the Court finds that there is no question of material fact for the jury.  The United States' Motion for Summary Judgment will be granted and Charlot's claims dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [44] Motion for Summary Judgment filed by the United States of America is **GRANTED**. Plaintiff's claims are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 6th day of November, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE